■ Mariacher Contracting Company, Inc., Respondent, v Kirst Construction, Inc., Respondent, and Niagara Frontier Transit Authority, Appellant.—Judgment unanimously reversed on the law without costs and complaint against defendant Niagara Frontier Transit Authority dismissed. Memorandum: In July 1985, plaintiff Mariacher Contracting Company, Inc., subcontracted with defendant Kirst Construction, Inc., the general contractor, for the site work at the Buffalo Small Boat Harbor, owned by defendant Niagara Frontier Transit Authority (NFTA). On December 2, 1985, a severe storm hit the Buffalo area causing damage to the work that had been performed under the subcontract. Plaintiff

asserts that because of the storm it performed additional work on the project, under protest, and that defendants failed and refused to compensate it for that work. After the project was completed, plaintiff commenced this action sounding in contract and quasi contract to recover the reasonable costs of its additional work on the project. After trial, the Judicial Hearing Officer concluded that plaintiff was entitled to recover in quasi contract against NFTA for that additional work in the amount of $105,129.25.

Unless an owner has undertaken liability toward a subcontractor under the terms of the general contract, the subcontractor, because it is not in privity with the owner, may not assert a cause of action that is contractual in nature against it *(see, Martirano Constr. Corp. v Briar Contr. Corp.,* 104 AD2d 1028, 1030; *see also, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652). Rather, the subcontractor must bring all contract claims against the general contractor, with whom it is in privity *(see, Underhill Constr. Co. v New York Tel. Co.,* 56 AD2d 760, *affd* 44 NY2d 666).

At trial, plaintiff admitted that it did not have a contract with NFTA, that NFTA never responded to its demands for payment for its additional work, and that, if NFTA wanted additional work, it requested its contractor, Kirst, to do the work; Kirst would in turn request that plaintiff proceed. The record also establishes that plaintiff's requests for payment for its additional work were made to Kirst. Additionally, the general contract and subcontract contained provisions for making claims for additional or extra work performed and for resolving disputes concerning that work, and plaintiff's president testified that it complied with the terms of those contracts in requesting compensation from Kirst for its additional storm damage repair work. Given those circumstances, plaintiff is precluded from recovering against NFTA on its contractual claims *(see, Martirano Constr. Corp. v Briar Contr. Corp., supra).*

Plaintiff is also precluded from recovering against NFTA in quasi contract. Where a valid and enforceable contract exists governing a particular subject matter, it "precludes recovery in quasi contract for events arising out of the same subject matter" *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388). Here, there was a valid and enforceable written agreement between plaintiff and Kirst governing this subject that bars plaintiff's recovery on its quasi contract claim. Plaintiff's quasi contract claim also cannot be sustained because NFTA was not unjustly enriched by plaintiff's extra

work. The extra work performed by plaintiff was "for the benefit of the general contractor who is responsible for the completion of the improvement, not for the benefit of the owner" (*Schuler-Haas Elec. Corp. v Wager Constr. Corp.*, 57 AD2d 707, 708). Plaintiff's quasi contract claim against NFTA therefore should have been denied and its complaint against NFTA dismissed (*see, Area Masonry v Dormitory Auth.*, 64 AD2d 810, 811; *Schuler-Haas Elec. Corp. v Wager Constr. Corp., supra; Custer Bldrs. v Quaker Heritage*, 41 AD2d 448, 451). Additionally, because the Hearing Officer failed to determine the issue of the retainage withheld by NFTA from Kirst under the general contract, it was error for Supreme Court to direct NFTA to release that retainage.

We make no determination regarding any contractual claim by plaintiff against Kirst because those claims were not addressed by the Hearing Officer. (Appeal from Judgment of Supreme Court, Erie County, Fudeman, J.—Mechanic's Lien.) Present—Denman, P. J., Pine, Lawton, Boehm and Davis, JJ.