◼ Tomkins PLC et al., Respondents, v Bangor Punta Consolidated Corp. et al., Appellants, et al., Defendants. [599 NYS2d 563] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered September 11, 1992, which denied defendants' CPLR 3211 (a) (7) motion to dismiss plaintiffs' fraud cause of action, against all defendants except Lear Siegler Diversified Holdings Corp. and Lear Siegler Intermediate Corp., and which granted said motion to dismiss the negligent misrepresentation cause of action, to the extent of dismissing that cause of action as against the "nonsignatory defendants", unanimously affirmed, with costs.

Contrary to defendants' claim on appeal, the fraud cause of action is pleaded with sufficient particularity to satisfy CPLR 3016 (b). The complaint sets forth the interlocking relationship of the various defendants, and when that relationship and the other allegations in the complaint are read in the light most favorable to plaintiffs, plaintiffs have adequately alleged that the defendants-appellants authorized the various misrepresentations. Though it is well settled that a cause of action for fraud may not be maintained when the only fraud

charged relates to a breach of contract *(Gordon v De Laurentiis Corp.,* 141 AD2d 435, 436), the complaint specifically alleges that the defendants materially misrepresented a specific product, the L-frame problem. We also sustain the negligent misrepresentation cause of action. A cause of action for negligent misrepresentation may be founded on a contract *(White v Guarente,* 43 NY2d 356, 362-363), and the complaint sets forth a basis for finding that "signatory" defendants should have taken steps to confirm the veracity of the alleged misrepresentations. The purchase agreement and guaranties imply a closer degree of trust and reliance than the ordinary buyer-seller relationship *(cf., Dorsey Prods. Corp. v United States Rubber Co.,* 21 AD2d 866, 867, *affd* 16 NY2d 925). Concur—Rosenberger, J. P., Kupferman, Ross and Kassal, JJ.