■ TOWNE FORD, Respondent-Appellant, v RICHARD E. MAROWSKI et al., Respondents, and RICHARD WENDT, Appellant-Respondent. [674 NYS2d 213] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, an automobile dealership, agreed to obtain financing on behalf of defendant Richard E. Marowski, also a wholesale automobile dealer, for his purchase of a truck from defendant Richard Wendt for the price of $15,500. Upon obtaining the financing, plaintiff delivered to Marowski a check for the purchase price of the truck, payable to Richard Wendt, and Marowski agreed to deliver the check to him in exchange for the title documents to the truck and then to deliver the title documents to plaintiff. Marowski delivered the check to Richard Wendt but did not receive the title documents to the truck and, thus, did not deliver any title documents to plaintiff. When its efforts to obtain the title documents or a return of the check or its monetary equivalent failed, plaintiff commenced this action seeking damages of $15,500, plus punitive damages.

The complaint alleges causes of action against defendants for fraudulent misrepresentation, conversion and failure to return the check or its monetary equivalent. The complaint alleges an additional cause of action against Marowski for breach of contract. Plaintiff moved for summary judgment on the complaint and for summary judgment dismissing the counterclaims for defamation asserted by Richard and Arnold Wendt. Supreme Court granted that part of plaintiff's motion for summary judgment against Richard Wendt and awarded damages of $15,500, and the court granted that part of plaintiff's motion seeking summary judgment dismissing the counterclaims of Richard and Arnold Wendt. The court, *sua sponte*, granted summary judgment in favor of Arnold Wendt and Marowski, dismissing the complaint against them.

The court erred in granting that part of plaintiff's motion for summary judgment against Richard Wendt with respect to the cause of action for fraudulent misrepresentation. Plaintiff failed to meet its initial burden of establishing that either Richard or Arnold Wendt made a representation of existing fact upon

which plaintiff relied. The court, however, properly dismissed that cause of action against Marowski. A separate cause of action for fraud is not stated where, as here, the alleged fraud relates to the defendant's breach of contract (*see, Nice v Combustion Eng'g*, 193 AD2d 1088, 1089; *Sparka Travel v Hamza*, 182 AD2d 1067).

The court also erred in dismissing the breach of contract cause of action against Marowski. It is undisputed that Marowski agreed to deliver the title documents to plaintiff and failed to do so. Marowski raised no affirmative defense regarding that cause of action, and the court should have granted that part of plaintiff's motion for summary judgment against Marowski and awarded plaintiff damages of $15,500.

With respect to the cause of action for conversion, factual issues exist regarding what occurred when Marowski delivered plaintiff's check to Richard Wendt, i.e., whether he received possession of the truck and the title documents, as well as the knowledge and intent of the Wendts with respect to the check. Based upon those factual issues, the court erred in granting plaintiff summary judgment against Richard Wendt on the conversion cause of action and in dismissing that cause of action against Arnold Wendt and Marowski.

The cause of action alleging that defendants refused to return the check or its monetary equivalent is essentially the same as the cause of action for conversion. Thus, that cause of action must be dismissed against all defendants.

The court properly granted that part of plaintiff's motion for summary judgment dismissing the counterclaims insofar as they allege defamation resulting from statements made in the complaint. Those allegations are protected by an absolute privilege conferred on parties for statements made in the course of judicial proceedings (*see, Abbott v National Bank of Commerce*, 20 Wash 552, 56 P 376, *affd* 175 US 409; *see also, Regan v Coldwell Banker Residential Real Estate Servs.*, 176 AD2d 864, *lv denied* 79 NY2d 756; *see generally*, 2 NY PJI3d 192 [1998 Supp]; Sack, Libel, Slander, and Related Problems § VI.2.1.4 [1980]). The court erred, however, in dismissing the remaining allegations of the counterclaims. Statements allegedly made to a police detective in the course of an investigation are protected only by a qualified privilege (*see, Toker v Pollak*, 44 NY2d 211, 220), and the counterclaims additionally allege that plaintiff's employees made statements to other persons. Plaintiff failed to meet its initial burden to submit evidence negating the existence of triable issues of fact regarding the defamatory nature of those statements (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

We modify the order and judgment, therefore, by granting that part of plaintiff's motion for summary judgment on the second cause of action against Marowski and awarding damages of $15,500 on that cause of action, denying summary judgment on the third cause of action against Marowski and reinstating that cause of action against him, granting summary judgment in favor of Richard Wendt dismissing the first and fourth causes of action against him, denying that part of plaintiff's motion for summary judgment against Richard Wendt on the third cause of action, denying summary judgment in favor of Arnold Wendt on the third cause of action and reinstating that cause of action against him, and denying that part of plaintiff's motion for summary judgment dismissing the counterclaims insofar as they allege that plaintiff's employees made defamatory statements to the police and to other persons. (Appeals from Order and Judgment of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.