**Iva WOODFORD, Plaintiff,**

**v.**

**COMMUNITY ACTION OF GREENE COUNTY, INC.; Board of Directors of Community Action of Greene County, Inc.; Edward J. Daly; Rosemary Blois; Robert C. Schrock; Anne Yon; William Reich; Rudolph Monteleone; Laurette Sudds; Thomas Yandeau; Penny Friedrich; Eleanor Van Schaack; Donna Rummo–Faulkner; Karlene Schnur; Andrew Dresser; Elaine Farley, Defendants.**

No. 98–CV–220 LEK/RWS.

United States District Court,
N.D. New York.

Feb. 3, 2000.

Kernan, Kernan Law Firm, Utica, NY (Kevin G. Martin, of counsel), Office of James F. Keefe, Cairo, NY (Patricia G. Schneider, of counsel), for plaintiff.

Office of James T. Towne, Jr., P.C., Albany, NY (James T. Towne, Jr., of counsel), Donohue, Sabo Law Firm, Albany, NY (Alvin O. Sabo, of counsel), for the defendants.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

The Court must here determine whether Plaintiff Ms. Iva Woodford was an eligible employee for purposes of the Family and Medical Leave Act. This requires an assessment of the relevance of Plaintiff's time sheets to the question of whether she worked the minimum number of hours required to qualify under the act. The Court must also determine whether Defendants may have improperly interfered with Plaintiff's rights when they suspended her from work, and whether they provided her with timely notice, when she sought leave, that they might not restore her to her job at the end of her leave. Finally, the Court must determine whether Plaintiff may be liable to Defendants for any false or defamatory statements she has made in prosecuting this action.

### I. *Background*

Plaintiff in this action claims that Defendants violated her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 to 2654, and also asserts a supplemental state law claim for intentional infliction of emotional distress, based on Defendants' conduct pursuant to their purported violations of the FMLA. Defendants have made a counterclaim for defamation in the form of libel, alleging false and defamatory statements made in connection with this action.

Plaintiff Ms Woodford was employed by Defendant Community Action of Greene County, Inc. ("CAGC") from March 1985 to 15 January 1998. She was a teacher until 1987, and then was promoted to day care Director. She was promoted to Head Start Director in 1988, and held that job until her employment with CAGC ended. The individual Defendants are or were members of the CAGC Board of Directors.

Disputes related to the present action arose in 1996. Plaintiff alleged improper conduct on the part of one the Defendants; Defendants instituted disciplinary actions against Plaintiff. Plaintiff claims that stress arising from these incidents led to extreme mental and physical problems, and on that basis she sought leave under the FMLA in November 1997. Defendants initially rejected her application for leave, and required that she return to work. Defendants subsequently granted leave, but told her she had no right under the FMLA to be restored to her position once her leave ended. As the dispute over Plaintiff's application for FMLA leave continued, and Plaintiff remained away from work, Defendants hired an interim Head Start Director. Eventually, in January 1998, Defendants denied Plaintiff's request to be restored to her position as Director pursuant to the FMLA.

Plaintiff filed this action 9 February 1998. The Court has jurisdiction under 28 U.S.C. § 1331. Plaintiff seeks damages, punitive damages, and such other relief as the Court may deem just and proper. Defendants in their counterclaim seek damages and such other relief as the Court may deem just and proper.

### II. *Motions*

Now before the Court are Defendants' motions for summary judgment and Plaintiff's cross motion to dismiss Defendants' counterclaim.

#### A. *Standards of Decision*

##### 1. *Dismissal*

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted," must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). (Black, J.) In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken as true," *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991), and all reasonable inferences must be construed in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir.1988), (applying the principle of construing inferences in

favor of plaintiff) *cert. denied sub nom. Soifer v. Bankers Trust Co.,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

[C]onsideration is limited to the factual allegations in [the] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

The Rules do not require the plaintiff to set out in detail the facts upon which the claim is based, but only that a defendant be given "fair notice of what the . . . claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987) (applying this standard to a complaint relying on civil rights statutes).

### 2. *Summary Judgment*

Summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam)); *Project Release v. Prevost,* 722 F.2d 960, 968 (2d Cir.1983). A genuine issue is an issue that, if resolved in favor of the non-moving party, would permit a jury to return a verdict for that party. *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 57 (2d Cir.1997) (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c); *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence . . . in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223–24 (2d Cir.1994).

The Court addresses the motions on the basis of these standards.

### III. *Discussion*

#### A. *Defendant's Motions for Summary Judgment*

Defendants have divided into two groups, and submitted separate motions. They do not, however, raise different issues, and the second group essentially joins the arguments the first makes. (*See* Sabo Aff. at 2 (Doc. 38, 9 Aug. 1999).) The Court will refer to these motions as one, for the purpose of this discussion.

Defendants argue that Plaintiff is not an eligible employee under the FMLA's provision that an employee must have been employed "for at least 1,250 hours of ser-

vice with [her] employer during the previous 12–month period." 29 U.S.C. § 2611(2)(A)(ii). If she is not eligible, then she would not have a right to reinstatement under the FMLA. Defendants' evidence indicates that Plaintiff worked a total of 852.5 hours in the twelve-month period before she requested FMLA leave. Plaintiff argues that that evidence understates her hours worked, and that even if she had not reached the requisite 1250 hours Defendants' wrongful actions prevented her from accumulating the necessary numbers of hours, and she is thus entitled to FMLA protection.

Plaintiff asserts that Defendants' records of her hours are not accurate, because the records were, in essence, simply a checkoff verifying that Plaintiff, as an "exempt" employee, had worked the minimum of 35 hours per week required. (*See* Mem. Law Opp'n to Defs.' Mot. for Summ.J. and in Supp. of Pl.'s Mot. Dismiss (hereinafter "Pl.'s Mem.Law") at 3–4 (Doc. 41, 9 Aug. 1999).) That assertion, however, is not consistent with the evidence before the Court. Plaintiff's time sheet is the basis for Defendants' claim that she worked 852.5 hours in the twelve months prior to her request for leave.[1] (*See* Blois Aff., Ex. E (Doc. 35, 9 Aug. 1999).) Plaintiff's argument would be consistent with a record showing a series of two-week periods listing precisely 70 hours worked. A good number of the periods listed, to the contrary, show less than 70 hours worked; two periods that do show *over* 70 hours worked (for the period ending 7 February 1997, 96 hours worked) belie Plaintiff's position that the worksheet was simply for checking off the minimum number of hours worked. Plaintiff has not set forth evi-

dence on which a jury could find that in the twelve months prior to 14 November 1997 she worked the 1250 hours necessary to be an "eligible" employee for purposes of the FMLA.

■ Plaintiff notes that the FMLA forbids "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615; *see also Lacoparra v. Pergament Home Ctrs., Inc.,* 982 F.Supp. 213, 219–20 (S.D.N.Y.1997). An extended suspension of Plaintiff from work during 1997 may have prevented her from accumulating the hours necessary for FMLA eligibility. Nonetheless, Plaintiff has not set forth evidence upon which a jury could conclude that Defendants' suspension of Plaintiff from April to August 1997 was contrary to law.

Plaintiff also argues that Defendants did not provide proper and timely notice to her, at the commencement of her leave, that they might deny her restoration to her position at the expiration of her leave, because she was a "key employee." An employer must provide a key employee under the FMLA with written notice of "the employee's status as a 'key employee' and the potential consequence that restoration may be denied following FMLA leave, explaining the conditions required for such denial." 29 C.F.R. § 825.301(b)(1)(vi).[2]

An employer who believes that reinstatement may be denied to a key employee must give written notice to the employee at the time the employee gives notice of the need for FMLA leave (or when FMLA leave commences, if earlier) that he or she qualifies as a key

---

1. Defendants state that the relevant time period is between 15 November 1996 and 14 November 1997. (*See* Mem.Law in Supp. Defs.' Mot.Summ.J. (hereinafter "Defs.' Mem. Law") at 5 (Doc. 34, 9 Aug. 1999).) Their calculations from Plaintiff's time sheet, however, include the period *ending* 15 November 1996. Presumably, that period represents two weeks of hours worked *prior* to the twelve-month period. Excluding the thirty-

six hours' work recorded for that period, Plaintiff's total recorded hours worked for the twelve-month period before her request for leave was 816.5.

2. Plaintiff erroneously cited this provision as "29 C.F.R. § 825.301(c)(6)"—a provision that does *not* exist. (*See* Pl.'s Mem.Law at 7.)

employee. . . . If such notice cannot be given immediately because of the need to determine whether the employee is a key employee, it shall be given as soon as practicable after being notified of a need for leave (or the commencement of leave, if earlier).

29 C.F.R. § 825.219(a). Plaintiff requested placement on family leave under the FMLA in a letter dated Tuesday, 18 November 1997, asking that her leave be effective one day earlier. (*See* Blois Aff. Ex. B.) In response to this request Defendant Rosemarie Blois filled out an Employer Response to Employee Request for FMLA Leave (Department of Labor form WH–381), dated Wednesday, 19 November 1997. (*See id.* Ex. C.) Defendant Edward Daly sent Plaintiff a letter dated Friday, 21 November 1997 officially informing her that CAGC had determined that she was a key employee, and that though CAGC could not deny her FMLA leave, it did intend to deny her restoration to employment on completion of her FMLA leave. (*See id.* Ex. D.)

■ Thus, there was an interval of two or three days between Plaintiff's request for leave and written notice from Defendants that reinstatement would be denied. That interval is not so great as to place Defendants in violation of the C.F.R.'s requirement that the employer give written notice "as soon as practicable" after the request for leave. See also the requirement that the employer "advise the employee whether the employee is eligible as soon as practicable (*i.e.,* two business days absent extenuating circumstances) *after the date employee eligibility is determined.*" 29 C.F.R. § 825.110(d) (emphasis added). *But cf. Miller v. Defiance Metal Prods., Inc.,* 989 F.Supp. 945, 948–49 (N.D.Ohio 1997) (finding—incorrectly, in the view of this Court—that, when employee gave two days' notice in advance of taking leave, 29 C.F.R. § 825.110(d) required employer to notify employee that it had determined she was ineligible "within

two business days *of receiving the employee's notice*"(emphasis added)).

Therefore, Plaintiff was not eligible under the FMLA for a right of restoration to her position following leave, Defendants did not interfere with her rights under the FMLA, and Defendants gave her proper and timely notice of their intent to deny restoration. Accordingly, the Court must GRANT Defendants' motion for summary judgment with respect to Plaintiff's claim under the FMLA.

Because the Court has granted summary judgment against Plaintiff's federal question cause of action, the Court lacks supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress. Accordingly, the Court will DISMISS that state law claim. *See* 28 U.S.C. § 1367(c)(3).

### C. *Plaintiff's Motion to Dismiss Defendants' Counterclaim for Defamation by Libel*

■ Plaintiff properly points out that the Federal Rules require that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b). Defendants have quoted no libelous statements by Plaintiff, but merely made summary characterizations of her purported accusations. (*See* Am. Answer at 6–7 (Doc. 13, 31 Mar. 1998).) More importantly, courts are rightly reluctant to impose any impediment to the strong public policy favoring filing of complaints for the vindication of one's rights under the law, and to the candid and forthright pleading of causes of action. "By an almost unbroken line of authority in this country and England, a party who files a pleading or affidavit in a judicial proceeding has absolute immunity, though his statements are defamatory and malicious, if they relate to the subject of inquiry." *Sacks v. Stecker,* 60 F.2d 73, 75 (2d Cir. 1932) (A. Hand, J.) (citing *Andrews v. Gardiner,* 224 N.Y. 440, 121 N.E. 341, 343 (1918) (Cardozo, J.) (quoting with approval

*The King v. Skinner,* Lofft 55, 56, 98 Eng. Rep. 529, 530 (K.B.1772) (Lord Mansfield, C.J.) ("[N]either party, witness, counsel, jury, or Judge, can be put to answer, civilly or criminally, for words spoken in office."))); *see also Towne Ford v. Marowski,*[3] 251 A.D.2d 1075, 674 N.Y.S.2d 213, 215 (N.Y.A.D. 4th Dept.1998) (finding "an absolute privilege conferred on parties for statements made in the course of judicial proceedings").[4] Defendants have set forth no evidence or arguments suggesting that Plaintiff's statements were unrelated to her claims, nor have they indicated what statements Plaintiff made apart from the submissions in this action that might sustain their counterclaim. The Court finds Defendants' counterclaim utterly without merit, and GRANTS Plaintiff's motion to dismiss.

### CONCLUSION

For the reasons stated above, it is hereby:

ORDERED that Defendants' motions for summary judgment are **GRANTED**; and

IT IS FURTHER ORDERED that Plaintiff's motion to dismiss Defendants' counterclaim for defamation in the form of libel is **GRANTED**; and

IT IS FURTHER ORDERED that Plaintiff's suit is **DISMISSED IN ITS ENTIRETY**; and

IT IS FURTHER ORDERED that **THIS CASE IS HEREBY CLOSED;** and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

**UNITED STATES of America**

v.

**James Trey NELSON, Defendant.**

**No. 99–CR–184 LEK.**

United States District Court,
N.D. New York.

Feb. 10, 2000.

---

Daniel J. French, United States Attorney, Richard S. Hartunian, Asst. U.S. Atty, Northern District of New York, Albany, NY, for Government.

Delaney & Desautels, Albany, NY, Michael L. Desautels, of counsel, for Defendant.

---

**3.** Party name incorrectly cited by the present Plaintiff as "Marwski," see Pl.'s Mem.Law at iv, *and* as "Marawski." *see id.* at 10.

**4.** Of course, this absolute privilege applies only to damages liability; parties remain subject to prosecution for perjury if they know-

---

ingly make false statements in submisions to the court. *see also Burns v. Reed,* 500 U.S. 478, 489–92, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991).