■ MARION H. LABARTE et al., Individually and on Behalf of All Those Similarly Situated, Respondents, v SENECA RESOURCES CORPORATION et al., Appellants. [728 NYS2d 618] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs, the owners of real property on which there are deposits of natural gas, entered into oil and gas leases with a predecessor in interest to defendant Seneca Resources Corporation (Seneca). The leases provided that the respective plaintiffs would be paid a royalty based upon a percentage of the value of the gas produced by the wells on their property. The LaBarte lease provided that the royalty would be calculated based on the value of the gas at the "mouth of the well"; the Ortel lease provided that it would be calculated based on the value of the gas at the "connecting point"; the Rapp lease provided that it would be calculated based on the "market price at the wellhead"; and the Vaillancourt lease provided that it would be calculated based on "the field price" of the gas. Those terms are not defined in the leases.

Plaintiffs commenced this action seeking damages from defendants, affiliated corporations that either produce or market natural gas. The amended complaint asserts causes of action for breach of contract, fraud, breach of covenant to market, unjust enrichment, breach of fiduciary duties, tortious interference with contractual relations, and an accounting. Plaintiffs contend that defendants artificially manipulated the sale price of the gas to reduce the royalties paid to plaintiffs and thereby breached their contracts with plaintiffs by paying royalties based on "sham" sales between themselves and third-party gas marketers. They contend that they should have been paid royalties calculated by the prices paid by "end users" of

the gas. Defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) (defense founded on documentary evidence) and 3211 (a) (7) (failure to state a cause of action), contending that plaintiffs' claims are contrary to the terms of the lease agreements. Supreme Court denied the motion.

In opposition to the motion to dismiss, plaintiffs admitted that Seneca is the only defendant in contractual privity with plaintiffs. Plaintiffs may not maintain a cause of action for breach of contract against those parties with whom they were not in privity (*see, Paladino, Inc. v Lucchese & Son Contr. Corp.,* 247 AD2d 515; *Vogel v Lyman,* 246 AD2d 422; *Outrigger Constr. Co. v Bank Leumi Trust Co.,* 240 AD2d 382, 383, *lv denied* 91 NY2d 807). We therefore conclude that the court erred in failing to grant that part of defendants' motion seeking dismissal of the causes of action for breach of contract against defendants National Fuel Gas Corporation (NFG), National Fuel Gas Company (NFG Co.), and National Fuel Resources, Inc. (NFR). However, accepting the facts as alleged in the amended complaint as true and according plaintiffs the benefit of every possible favorable inference (*see, Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner,* 96 NY2d 300; *Leon v Martinez,* 84 NY2d 83, 87-88), we conclude that plaintiffs have stated causes of action for breach of contract against Seneca sufficient to withstand a preanswer motion to dismiss. The facts as alleged against Seneca fit within a cognizable legal theory and the documentary evidence submitted does not conclusively establish a defense to the asserted claims as a matter of law (*see generally, Leon v Martinez, supra,* at 87-88).

In addition, because every contract contains an implied covenant of good faith and fair dealing in the course of performance of the contract (*see, Dalton v Educational Testing Serv.,* 87 NY2d 384, 389; *Van Valkenburgh, Nooger & Neville v Hayden Publ. Co.,* 30 NY2d 34, 45, *rearg denied* 30 NY2d 880, *cert denied* 409 US 875; *Envirogas, Inc. v Consolidated Gas Supply Corp.,* 98 AD2d 119, 122), we further conclude that the court properly denied that part of defendants' motion seeking dismissal of the cause of action for breach of an implied covenant to market the gas against Seneca (*cf., Envirogas, Inc. v Consolidated Gas Supply Corp., supra,* at 123), but erred in denying that part of defendants' motion seeking dismissal of that cause of action against the remaining defendants, with whom there is no contractual relationship (*see, Four Winds v Blue Cross & Blue Shield,* 241 AD2d 906, 907).

It is well established that a separate cause of action for fraud is not stated where, as here, the alleged fraud relates to the breach of contract (*see, Towne Ford v Marowski*, 251 AD2d 1075, 1076; *Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107, 118; *Garwood v Sheen & Shine*, 175 AD2d 569, 570, *lv denied* 78 NY2d 864). Thus, the cause of action for fraud against Seneca cannot stand because the alleged fraud relates to Seneca's breach of contract (*see, Towne Ford v Marowski, supra*, at 1076). The amended complaint, however, sets forth the interlocking relationships of the various defendants and, when those relationships and the other allegations in the amended complaint are read in the light most favorable to plaintiffs (*see, Tomkins PLC v Bangor Punta Consol. Corp.*, 194 AD2d 493), we conclude that plaintiffs adequately state a cause of action for fraud against NFG, NFG Co. and NFR, with whom they have no contractual relationship.

The cause of action for unjust enrichment is grounded in quasi contract and, "[w]here a valid and enforceable contract exists governing a particular subject matter, it 'precludes recovery in quasi contract for events arising out of the same subject matter'" (*Mariacher Contr. Co. v Kirst Constr.*, 187 AD2d 986, 987, quoting *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). Because plaintiffs have valid and enforceable contracts with Seneca, they cannot recover in quasi contract for events arising out of the same subject matter. Thus, the court erred in denying that part of defendants' motion seeking dismissal of the cause of action for unjust enrichment against Seneca. Nor may plaintiffs seek to recover damages based upon a theory of quasi contract and unjust enrichment against the remaining defendants. There is no evidence that those defendants assumed any obligation to pay plaintiffs (*see, Paladino, Inc. v Lucchese & Son Contr. Corp., supra*, at 515-516). Thus, the court erred in denying that part of defendants' motion seeking dismissal of the cause of action for unjust enrichment against the remaining defendants.

With respect to the causes of action for breach of fiduciary duties and for an accounting, it is well established that the same conduct constituting the breach of a contractual obligation may also constitute the breach of a duty arising out of the relationship created by the contract but independent of the contract itself (*see, Meyers v Waverly Fabrics*, 65 NY2d 75, 80, n 2; *Mandelblatt v Devon Stores*, 132 AD2d 162, 167-168; *see also, Niagara Mohawk Power Corp. v Freed*, 265 AD2d 938, 939). "This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although

it may be connected with and dependent upon the contract" (*Bristol-Meyers Squibb v Delta Star,* 206 AD2d 177, 179). Whether a fiduciary relationship exists between parties "is necessarily fact-specific to the particular case" (*Wiener v Lazard Freres & Co.,* 241 AD2d 114, 122). Moreover, in at least one oil-producing State, it has been recognized that the operator of an oil and gas lease owes a fiduciary duty to royalty owners to market oil or gas at the highest market price available (*see, Coosewoon v Meridian Oil Co.,* 25 F3d 920, 931). Although it is unclear at this stage of the litigation whether plaintiffs will ultimately succeed in establishing a fiduciary relationship with Seneca that is separate and distinct from their contractual relationship, we conclude that plaintiffs have stated cognizable causes of action against Seneca for breach of fiduciary duties and an accounting (*see, Coosewoon v Meridian Oil Co., supra,* at 931). The court erred, however, in denying that part of defendants' motion seeking dismissal of the causes of action for breach of fiduciary duties and an accounting against the other defendants who have no contractual or other relationship with plaintiffs.

The elements of a cause of action for tortious interference with contractual relations are " 'the existence of a valid contract and damages caused by the wrongdoer's knowledge of and intentional interference with that contract without reasonable justification' " (*Stiso v Inserra Supermarkets,* 179 AD2d 878, 879, *lv denied* 80 NY2d 757, quoting *Matter of Schulz v Washington County,* 157 AD2d 948, 951). We conclude that the amended complaint sufficiently states a cause of action for tortious interference with contractual relations against NFG, NFG Co., and NFR. The amended complaint, however, fails to state a cause of action for tortious interference with contractual relations against Seneca, a party to each of the lease agreements. That cause of action therefore must be dismissed against Seneca.

Thus, we modify the amended order by granting defendants' motion in part and dismissing the causes of action for breach of contract, breach of covenant, unjust enrichment, breach of fiduciary duties, and an accounting against NFG, NFG Co. and NFR, and dismissing the causes of action for fraud, unjust enrichment, and tortious interference with contractual relations against Seneca. (Appeal from Amended Order of Supreme Court, Chautauqua County, Gerace, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Burns, JJ.