■ THOMAS CHERRY et al., Individually and on Behalf of All Those Similarly Situated, Respondents, v RESOURCE AMERICA, INC., et al., Appellants. [727 NYS2d 848] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs, the owners of real property on which are located deposits of natural gas, entered into oil and gas leases with a predecessor in interest to defendant Resource America, Inc. (Resource America). The leases provided that the respective plaintiffs would be paid a royalty for the gas produced from wells drilled on their property based upon a percentage of the value of the gas "at the wellhead" and "the contract price, whether above or below the prevailing market price." The leases do not define the terms used in the royalty provisions.

Plaintiffs commenced this action seeking damages for breach of contract, fraud, breach of covenant to market, unjust enrichment, breach of fiduciary duties, tortious interference with contractual relations, and also seeking an accounting. They contend that defendants artificially manipulated the sale price of the gas to reduce the royalties paid to plaintiffs and breached their leases with plaintiffs by paying royalties based on "sham" sales between themselves and third-party gas marketers. They further contend that they should have been paid royalties

calculated by the prices paid by "end users" of the gas. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) (defense founded on documentary evidence) and 3211 (a) (7) (failure to state a cause of action), contending that plaintiffs' claims are contrary to the clear and unambiguous terms of the lease agreements. Supreme Court denied the motion.

In opposition to the motion to dismiss, plaintiffs admitted that Resource America is the only defendant in contractual privity with them. The court therefore erred in failing to grant that part of defendants' motion seeking dismissal of the causes of action for breach of contract against defendant Resource Energy, Inc. (Resource Energy) (*see, LaBarte v Seneca Resources Corp.*, 285 AD2d 974 [decided herewith]). However, accepting the facts as alleged in the complaint as true and according plaintiffs the benefit of every possible favorable inference (*see, Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300; *Leon v Martinez*, 84 NY2d 83, 87-88), we conclude that plaintiffs have stated causes of action for breach of contract against Resource America sufficient to withstand a preanswer motion to dismiss. The facts as alleged in the complaint against Resource America fit within a cognizable legal theory and the documentary evidence submitted does not conclusively establish a defense to the asserted claims as a matter of law (*see, LaBarte v Seneca Resources Corp., supra; see generally, Leon v Martinez, supra*, at 87-88).

Because every contract contains an implied covenant of good faith and fair dealing in the course of contract performance (*see, Dalton v Educational Testing Serv.*, 87 NY2d 384, 389; *Van Valkenburgh, Nooger & Neville v Hayden Publ. Co.*, 30 NY2d 34, 45, *rearg denied* 30 NY2d 880, *cert denied* 409 US 875; *Envirogas, Inc. v Consolidated Gas Supply Corp.*, 98 AD2d 119, 122), we further conclude that the court properly denied that part of defendants' motion seeking dismissal of the cause of action for breach of an implied covenant to market the gas against Resource America, but erred in denying that part of defendants' motion seeking dismissal of that cause of action against Resource Energy, with whom plaintiffs have no contractual relationship (*see, LaBarte v Seneca Resources Corp., supra*).

The cause of action against Resource America for fraud cannot stand because the alleged fraud relates to its breach of contract (*see, LaBarte v Seneca Resources Corp., supra; Towne Ford v Marowski*, 251 AD2d 1075, 1076; *Non-Linear Trading*

*Co. v Braddis Assocs.*, 243 AD2d 107, 118). We reach a different conclusion, however, with respect to Resource Energy. The complaint sets forth the interlocking relationship of the defendants and, viewing that relationship and the other allegations in the complaint in the light most favorable to plaintiffs (*see, Tomkins PLC v Bangor Punta Consol. Corp.*, 194 AD2d 493, *lv dismissed* 82 NY2d 888), we conclude that plaintiffs have adequately stated a cause of action for fraud against Resource Energy, which is not in privity of contract with plaintiffs.

The cause of action for unjust enrichment is grounded in quasi contract. Because plaintiffs have valid and enforceable contracts with Resource America, they cannot recover in quasi contract from Resource America for events arising out of the same subject matter (*see, LaBarte v Seneca Resources Corp., supra; Mariacher Contr. Co. v Kirst Constr.*, 187 AD2d 986, 987). Thus, the court erred in denying that part of defendants' motion seeking dismissal of the cause of action for unjust enrichment against Resource America. The court also erred in denying that part of defendants' motion seeking dismissal of the cause of action for unjust enrichment against Resource Energy because there is no evidence that Resource Energy assumed any obligation to pay plaintiffs (*see, LaBarte v Seneca Resources Corp., supra; M. Paladino, Inc. v Lucchese & Son Contr. Corp.*, 247 AD2d 515, 515-516). In addition, although it is unclear at this juncture whether plaintiffs will ultimately succeed in establishing a fiduciary relationship with Resource America that is separate and distinct from their contractual relationship (*see, Meyers v Waverly Fabrics*, 65 NY2d 75, 80, n 2; *Mandelblatt v Devon Stores*, 132 AD2d 162, 167-168; *see also, Niagara Mohawk Power Corp. v Freed*, 265 AD2d 938, 939), we conclude that plaintiffs have asserted cognizable causes of action for breach of fiduciary duties and an accounting against Resource America (*see, Coosewoon v Meridian Oil Co.*, 25 F3d 920, 931), but not against Resource Energy, which has no contractual or other relationship with plaintiffs (*see, LaBarte v Seneca Resources Corp., supra*). We further conclude that the complaint sufficiently states a cause of action for tortious interference with contractual relations against Resource Energy but fails to state such a cause of action against Resource America, a party to each of the lease agreements (*see, LaBarte v Seneca Resources Corp., supra*).

Thus, we modify the order by granting defendants' motion in part and dismissing the causes of action for breach of contract, breach of covenant, unjust enrichment, breach of fiduciary

duties, and an accounting against Resource Energy, and dismissing the causes of action for fraud, unjust enrichment, and tortious interference with contractual relations against Resource America. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Green, Pine, Scudder and Burns, JJ.