268 F.3d 51 (2nd Cir. 2001)
 IVA WOODFORD, PLAINTIFF-COUNTER-DEFENDANT-APPELLANT,
v.
COMMUNITY ACTION OF GREENE COUNTY, INC.; EDWARD J. DALY; ROSEMARY BLOIS; BOARD OF DIRECTORS OF COMMUNITY ACTION OF GREENE COUNTY, INC.; ROBERT C. SCHROCK; ANNE YON; WILLIAM REICH; RUDOLPH MONTELEONE; LAURETTE SUDDS; THOMAS YANDEAU; PENNY FRIEDERICH; ELEANOR VAN SCHAACK; DONNA RUMMO-FAULKNER; KARLENE SCHNUR; ANDREW DRESSER; AND ELAINE FARLEY, DEFENDANTS-COUNTER-CLAIMANTS-APPELLEES.
 Docket No. 00-7265
August Term, 2000
 UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
 Argued: November 29, 2000
Decided October 10, 2001
 
 Appeal from judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, Judge) dismissing on summary judgment plaintiff's claims alleging violation of the Family Medical Leave Act, 29 U.S.C. § 2615, and intentional infliction of emotional distress, and defendants' counterclaim of defamation by libel.
 Affirmed.
 James W. Hyde, IV, Kernan & Kernan, Utica, New York, for Plaintiff-Counter-Defendant-Appellant.
 Susan Bartkowski, Joshua Sabo, Thorn Gershon Towne Tymann & Bonanni (James T. Towne, Jr. on the brief) Albany, New York, for Defendants-Counter-Claimants-Appellees.
 Before: Pooler and Sack, Circuit Judges, and Martin, District Judge.*
 Pooler, Circuit Judge.
 
 
 1
 Plaintiff-Appellant Iva Woodford appeals from that part of a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, Judge), upon a February 3, 2000 Memorandum-Decision and Order that granted summary judgment to Defendants-Appellees, Community Action of Greene County, Inc. ("CAGC"); Edward J. Daly; Rosemary Blois; the Board of Directors of CAGC; Robert C. Schrock; Anne Yon; William Reich; Rudolph Monteleone; Laurette Sudds; Thomas Yandeau; Penny Friederich; Eleanor Van Schaack; Donna Rummo-Faulkner; Karlene Schnur; Andrew Dresser; and Elaine Farley (collectively, "CAGC"). Woodford challenges the district court's holding that she did not work enough hours to qualify as an eligible employee under the terms of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and contends, further, that under the FMLA she was entitled to reinstatement to her former position with CAGC after taking an extended leave from work. We hold that the regulation upon which Woodford relies to establish her status as an eligible employee under the FMLA, 29 C.F.R. § 825.110(d), contravenes the clear intent of the statute it is meant to implement. We thus cannot enforce the regulation. We affirm the district court's finding that Woodford did not work enough hours to qualify as an eligible employee under the FMLA and therefore affirm the district court's grant of summary judgment to CAGC.
 
 BACKGROUND
 
 2
 Iva Woodford worked for CAGC for approximately twelve years, ten of which she spent as the director of CAGC's Head Start Program. During her last year with CAGC, Woodford only worked 816.5 hours, according to her time sheets, due in part to a suspension she received for disciplinary reasons. During that same period, Woodford complained to CAGC's Board of Directors about harassment by the Executive Director of CAGC. On November 18, 1997, Woodford sought to take leave under the FMLA because, she asserts, she suffered from stress, anxiety and depression, arising from the alleged harassment, and from the CAGC Board of Directors' failure to respond to her complaints about the harassment. She requested that her leave be effective as of November 17, 1997. On November 19, 1997, CAGC provided Woodford with an "Employer Response to Employee Request for Family or Medical Leave" form which indicated that she was an employee eligible for leave under the FMLA. While the FMLA guarantees leave for eligible employees, it also permits employers to deny reinstatement for certain highly paid employees, called "key employees," see 29 C.F.R. § 825.217, to their position at the end of their leave if reinstatement would cause "substantial and grievous economic injury" to the employer. 29 U.S.C. § 2614(b)(1)(A). The form CAGC provided Woodford indicated that CAGC had determined that she was a "key employee" and that, consequently, she would not be reinstated to her former position at the end of her leave because doing so would "cause substantial and grievous economic harm" to CAGC. A letter from CAGC to Woodford dated November 21, 1997, informed her again that she was a key employee ineligible for reinstatement unless she returned to work by December 1, 1997. Woodford promised to return by December 5, 1997, but she later postponed the end of her leave until January 16, 1998. Meanwhile, on December 2, 1997, CAGC hired an interim Head Start Program Director. On January 15, 1998, CAGC notified Woodford that it would not reinstate her. She filed this lawsuit on February 9, 1998.
 
 
 3
 Before the district court, Woodford claimed that the defendants' denial of reinstatement violated the FMLA and that their conduct caused her emotional distress. The defendants counterclaimed, alleging that Woodford in her complaint and elsewhere "libeled and defamed" CAGC and its Board of Directors. Judge Kahn granted summary judgment against Woodford on her FMLA claim on the ground that the Act did not cover her because her time sheets showed that she had not worked a minimum of 1,250 hours at CAGC in the last twelve months as the FMLA requires. See Woodford v. Community Action of Greene County, Inc., 103 F. Supp. 2d 97, 100 (N.D.N.Y. 2000) (citing 29 U.S.C. § 2611(2)(A)). Judge Kahn also held that CAGC's notice to Woodford that it would deny her reinstatement complied with the FMLA's implementing regulations' requirement that employers give such notice "`as soon as practicable.'" Woodford, 103 F. Supp. 2d at 101 (quoting 29 C.F.R. § 825.219(a)). Woodford's state law claim of intentional infliction of emotional distress was dismissed for lack of jurisdiction in the wake of the dismissal of her federal claims. See Woodford, 103 F. Supp. 2d at 101. Judge Kahn also dismissed defendants' counterclaim for defamation because they did not plead it with sufficient particularity, see Fed. R. Civ. P. 9(b), and because public policy counsels against deterring plaintiffs from "candid and forthright pleading of causes of action." Woodford, 103 F. Supp. 2d at 101. Defendants do not appeal that ruling.
 
 
 4
 On appeal, Woodford challenges dismissal of her FMLA claim, arguing that CAGC could not contest her eligibility under the Act because CAGC itself had provided her notice of eligibility in accordance with 29 C.F.R. § 825.110(d). The regulation prohibits an employer from challenging an employee's eligibility for leave under the FMLA once the employer has given notice to the employee that she is eligible for such leave. See id. Woodford further argues, assuming her eligibility under the FMLA, that CAGC was not entitled to deny her restoration based on her status as a key employee whose reinstatement would cause CAGC grievous economic injury. See 29 U.S.C. § 2614(b)(1)(A). CAGC in turn argues that 29 C.F.R. § 825.110(d) is invalid because it contravenes the clear language of the statute it is meant to implement.
 
 DISCUSSION
 
 5
 We review a district court's grant of a motion for summary judgment de novo. Hermes Int'l v. Lederer De Paris Fifth Ave., Inc., 219 F.3d 104, 107 (2d Cir. 2000). We will affirm the district court's grant of summary judgment if, construing the evidence in the light most favorable to the non-moving party, the record shows that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), cert. denied, 529 U.S. 1098 (2000).
 
 A. Woodford's eligibility under the FMLA
 
 6
 As an initial matter, Woodford suggests in passing that whether she is an eligible employee under the FMLA is a disputed issue of fact that the district court inappropriately resolved on summary judgment. In order to be eligible for FMLA benefits, an employee must have been employed for at least twelve months with an employer and have worked at least 1,250 hours in the twelve months preceding the date on which eligibility is determined. See 29 U.S.C. § 2611(2)(A). The district court found that, based on Woodford's own time sheets, she had not worked the necessary hours to qualify as an eligible employee. Woodford protests that the time sheets she filled out and signed do not accurately reflect the hours she worked. Because CAGC paid her a weekly salary regardless of how many hours she logged on the time sheets, Woodford argues she had no reason to diligently report the hours she worked. However, the time sheets themselves show varying hours recorded from week to week, which suggests that Woodford did not fill them out in a perfunctory manner to ensure formal compliance with a workplace rule, as the district court noted. See Woodford, 103 F. Supp. 2d at 100. Woodford claims that her personal log and work diary shows she worked 1,377 hours in the preceding twelve months. However, it strains credulity to claim that, on the one hand, Woodford could not be bothered with accurately reporting her hours to her employer, yet on the other hand, each night she assiduously made accurate records for her own personal reference. A factual dispute does not present a genuine issue precluding summary judgment unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). That is not the case here.
 
 B. 29 C.F.R. § 825.110(d)
 
 7
 Woodford relies on 29 C.F.R. § 825.110(d) to rebut CAGC's contention that she is not eligible for the FMLA's protection. That regulation concerns, in part, an employer's responsibility for determining an employee's eligibility for leave under the Act and for providing an employee with notice of such eligibility where leave has been requested. Id. In pertinent part, the regulation states that if an employee lacking the minimum work hours to qualify for leave under the Act requests leave,
 
 
 8
 the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence [because the required hours will have been worked in the interim] or must advise the employee when the eligibility requirement is met. If the employer confirms eligibility at the time the notice for leave is received, the employer may not subsequently challenge the employee's eligibility.
 
 
 9
 Id.[1] In light of the regulation, Woodford argues that because CAGC notified Woodford that she was eligible for leave under the FMLA, it cannot now argue the contrary.
 
 
 10
 However, a number of courts, including the Seventh and Eleventh Circuit Courts of Appeals, have examined 29 C.F.R. § 825.110(d) and struck it down because it impermissibly widens the statutory definition of an eligible employee. See Brungart v. BellSouth Telecomm., Inc., 231 F.3d 791, 796-97 (11th Cir. 2000), cert. denied, 121 S. Ct. 1998 (2001); Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579, 582 (7th Cir. 2000). In general, these courts held this regulation to be invalid by applying the two part test laid out in Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), for review of administrative regulations. That test requires a court first to ask "whether Congress has directly spoken to the precise question at issue." Id. at 842. If congressional intent is clear, then the regulation may not contradict it. Id. at 842-43. However, if "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843; see also Bell v. Reno, 218 F.3d 86 (2d Cir. 2000) (examining and applying the Chevron test), cert. denied, 121 S. Ct. 784 (2001). Congressional intent is clear concerning which employees are eligible under the FMLA. The statute straightforwardly defines an "eligible employee " as "an employee who has been employed... for at least 12 months by the employer with respect to whom leave is requested," and who must have "been employed... for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). The regulation impermissibly expands the scope of eligibility, however, because it compels employers to treat as eligible employees who have not met the twelve month / 1,250 hours requirement based on the regulation's additional set of notice requirements. Because 29 C.F.R. § 825.110(d) would permit, under certain circumstances, employees who have not worked the statutorily defined minimum required hours to become eligible for the Act's benefits, it contradicts the expressed intent of Congress and therefore is invalid.
 
 
 11
 The Seventh Circuit reasoned that the regulation tries "to change the Act" because it makes eligible employees who, under the language of the statute, are ineligible for family leave: "The statutory text is perfectly clear and covers the issue. The right of family leave is conferred only on employees who have worked at least 1,250 hours in the previous 12 months." Dormeyer, 223 F.3d at 582. The Eleventh Circuit adopted the Seventh Circuit's reasoning, noting that "[t]here is no ambiguity in the statute concerning eligibility for family medical leave, no gap to be filled." Brungart, 231 F.3d at 796-97; see also Scheidecker v. Arvig Enters., Inc., 122 F. Supp. 2d 1031, 1045 (D. Minn. 2000) (holding that the "regulation is essentially a rewriting of the statute"); McQuain v. Ebner Furnaces, Inc., 55 F. Supp. 2d 763, 775 (N.D. Ohio 1999) (finding that the regulation "`impermissibly contradicts the clear intent of Congress to restrict the class of employees eligible for the FMLA'" (quoting Wolke v. Dreadnought Marine, Inc., 954 F. Supp. 1133, 1135 (E.D. Va. 1997))); Seaman v. Downtown P'ship of Baltimore, Inc., 991 F. Supp. 751, 754 (D. Md. 1998) (finding that the regulation "is essentially a rewriting of the statute"); Wolke, 954 F. Supp. at 1137 (holding that the "Department of Labor regulation... purports to transform employees who are ineligible under the FMLA statute into eligible employees").
 
 
 12
 The lone dissenting view of the regulation is in Miller v. Defiance Metal Prods., Inc., 989 F. Supp. 945 (N.D. Ohio 1997). In that case, the court found that 29 C.F.R. § 825.110(a) does not contradict the statute's eligibility requirements but merely reiterates them. See id. at 948. The Miller court stated that section 825.110(d) concerns notice requirements and "the statute does not establish, and congressional intent is not otherwise clear about the requirements of employer notification." Id. The Miller court accordingly proceeded to the second step of the Chevron test, which requires that courts reject the regulation only if it is "arbitrary, capricious, or manifestly contrary to the statute." Chevron, 467 U.S. at 844. The Ohio court considered the regulation reasonable in light of the statute's purpose of finding a "balance" between "the demands of the workplace" and "the needs of [ ] famil[ies]." Miller, 989 F. Supp. at 948 (quoting 29 U.S.C. § 2601(b)(1)). The requirement that an employer promptly notify an employee of her eligibility for leave or be estopped from denying eligibility later was reasonable because "[w]ithout knowledge of whether the leave under FMLA was granted, how is an employee to balance the demands of the workplace with the needs of the family?" Id. at 949 (internal quotations omitted).
 
 
 13
 We are sympathetic to the Miller court's reasoning because proper and prompt notice of eligibility is crucial to furthering the FMLA's purpose of balancing family needs with workplace demands. It would undermine the very purpose of the Act to allow an employer to unduly delay giving notice or avoid giving notice altogether, or, worse, to give notice of eligibility and later retract it. Under such circumstances, the Act's protections would founder at the point of notice because an employee cannot make family plans incorporating FMLA leave without some assurance that she actually is entitled to the leave. The legislative history of the FMLA recounts, as an example showing the need for the Act, the story of a woman who initially received her employer's approval for three months' leave after child birth. Based on that, the woman opted to get pregnant. However, seven months into her pregnancy, the employer informed her that she could take no maternity leave. Accordingly, she was forced to quit her job. See S. Rep. No.103-3, at 8 (1993). The regulation at issue here ensures that employees who receive their employer's approval of leave under the FMLA can rely on it and make commitments with regard to children, ill relatives, and the other family concerns that the Act seeks to protect in the face of job insecurity. Without the rule, employees taking leave rely at their own peril upon an employer's assurance that the Act covers them and that they will still have a job at the end of their leave.
 
 
 14
 However, we are forced to agree with the Seventh and Eleventh Circuits that 29 C.F.R. § 825.110(d), as currently written, is too broad. We cannot enforce the portion of the regulation currently before us, which would prevent an employer from challenging an employee's status as an eligible employee under the FMLA after having provided the employee with notice of eligibility. The regulation exceeds agency rulemaking powers by making eligible under the FMLA employees who do not meet the statute's clear eligibility requirements. As the Seventh Circuit noted, the regulation makes it possible for employees who have worked a negligible number of hours in the twelve months preceding the requested leave to become eligible employees under the Act, negating the statute's minimum hours requirement. See Dormeyer, 223 F.3d at 582.
 
 
 15
 At the same time, we also agree with the Seventh Circuit that the statute leaves space for rulemaking with regard to notice requirements and that a different regulation focused on the question of whether an employee relies upon an employer's notice of eligibility might cure the defect of the present regulation: "If detrimental reliance were required [on the part of the employee acting on the employer's assurance of eligibility], the regulation could be understood as creating a right of estoppel... and such a right might be thought both consistent with the statute and a reasonable method of implementing it, and so within the Department's rulemaking powers." Dormeyer, 223 F.3d at 582. In contrast with the FMLA's clear eligibility requirements, "there is nothing in the Family Leave and Medical Act that relates to misleading eligibility notices or absences of notice." Id. Accordingly, "an employer who by his silence misled an employee concerning the employee's entitlement to family leave might, if the employee reasonably relied and was harmed as a result, be estopped to plead the defense of ineligibility to the employee's claim of entitlement to family leave." Id.
 
 
 16
 Indeed, it is our view that even in the absence of a formal regulation, the doctrine of equitable estoppel itself may apply where an employer who has initially provided notice of eligibility for leave later seeks to challenge that eligibility. Thus, future employees who rely to their detriment upon the assurance of their employer that they qualify for leave under the FMLA may have recourse to the doctrine of equitable estoppel even without an enforceable regulation protecting their right to rely upon an employer's notice of eligibility.[2]
 
 
 17
 We do not reach Woodford's other argument that CAGC improperly denied her restoration to her old position on the grounds that she is a "key employee" whose reinstatement would cause grievous and substantial injury to CAGC because this argument rests on the assumption that Woodford is an eligible employee under the FMLA, which she is not. See 29 U.S.C. § 2614(b).
 
 CONCLUSION
 
 18
 For the foregoing reasons, we hold that 29 C.F.R. § 825.110(d) is invalid and that Woodford lacks the minimum hours of employment necessary to qualify as an eligible employee under the FMLA. Accordingly, we affirm the judgment of the district court.
 
 
 
 NOTES:
 
 
 *
 The Honorable John S. Martin, Jr. of the United States District Court for the Southern District of New York, sitting by designation.
 
 
 [1]
 Under the regulation, an employer also may not deny leave or challenge an employee's eligibility for leave if, after receiving notice of the requested leave, the employer fails to advise the employee whether she qualifies for leave prior to the date leave was to begin. 29 C.F.R. § 825.110(d). Finally, if "the employee does not give notice of the need for leave more than two business days prior to commencing leave, the employee will be deemed to be eligible if the employer fails to advise the employee that the employee is not eligible within two business days of receiving the employee's notice." Id.
 
 
 [2]
 Had Woodford raised an equitable estoppel argument on this appeal, we would willingly consider it here. She did not, but she was on notice that 29 C.F.R. § 825.110(d) was being found invalid by an increasing number of courts. She was on notice as well of such an alternative avenue of argument because Wolke v. Dreadnought Marine, Inc., a case that she relied upon in her brief on appeal, had pointed out that the regulation essentially was predicated on the "judicial concept" of estoppel, and proceeded to outline the factors a court might consider in applying equitable estoppel to a FMLA case where an employer gave notice of eligibility to an employee. See 954 F. Supp. at 1137.