■ JIM LONGO, INC., Respondent-Appellant, v GEORGE RUTIGLIANO et al., Appellants-Respondents. [742 NYS2d 877] —In an action, inter alia, to recover damages for breach of contract, the defendants, George Rutigliano, Frances Rutigliano, and Quad Builders, Inc., appeal from a judgment of the Supreme Court, Nassau County (Martin, J.), entered April 13, 2001, which, upon a jury verdict, is in favor of the plaintiff and against the defendant Frances Rutigliano in the principal sum of $43,475, and the plaintiff cross-appeals from so much of the same judgment as, upon an order of the same court, dated January 19, 2001, inter alia, denying that branch of its motion which was pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as was in favor of the defendants George Rutigliano and Quad Builders, Inc., in effect, dismissed the complaint insofar as asserted against those defendants.

Ordered that the appeals by the defendants George Rutigliano and Quad Builders, Inc., are dismissed, as those defendants are not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is reversed insofar as appealed from by the defendant Frances Rutigliano, on the law, and the complaint is dismissed in its entirety; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appellant Frances Rutigliano is awarded one bill of costs.

The plaintiff contends that in 1988 it entered into an oral contract with the defendants George Rutigliano and Quad Builders, Inc. (hereinafter Quad), to perform certain excavation and drainage work on premises owned by the defendants George Rutigliano and Frances Rutigliano. The plaintiff alleged in its complaint that all three defendants breached the contract by not paying its contractual fees, although at trial it admitted that Frances Rutigliano was not a contracting party. The jury found that George Rutigliano and Quad breached the contract, but it concluded that these parties owed nothing to the plaintiff, which also breached the contract by abandoning the work. The jury then returned a verdict in favor of the plaintiff and against Frances Rutigliano on a theory of quasi contract.

Where the terms of a contract govern the matter under dispute, and the plaintiff has chosen not to repudiate the agreement but rather to sue under its terms, it cannot also seek to recover the same damages from another party on a theory of quasi contract (*see Julien J. Studley, Inc. v New York News*, 70 NY2d 628; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388; *Outrigger Constr. Co. v Bank Leumi Trust Co. of N.Y.*, 240 AD2d 382, 384; *Unisys Corp. v Hercules, Inc.*, 224 AD2d 365, 367; *Mariacher Contr. Co. v Kirst Constr.*, 187 AD2d 986, 987-988). In addition, because Frances Rutigliano was not a party to the contract, there is no viable theory on which a new trial against her could be held, and the complaint must be dismissed in its entirety.

In light of our determination, we do not reach the remaining contentions raised by the parties on this appeal and cross appeal. Feuerstein, J.P., Krausman, Luciano and Crane, JJ., concur.