Lisa MILLER, Plaintiff,

v.

DEFIANCE METAL PRODUCTS, INC., Defendant.

No. 3:97CV7267.

United States District Court,
N.D. Ohio,
Western Division.

Dec. 12, 1997.

Jeffrey I. Julius, Sherrie E. Voyles, Joseph M. D'Angelo, Gallon & Takacs, Toledo, OH, Lisa Miller, for Plaintiff.

Stanley J. Yoder, Weaner, Zimmerman, Bacon, Yoder & Hubbard, Defiance, OH, Defiance Metal Products Company, for Defendant.

### Order

CARR, District Judge.

This is a civil rights case in which plaintiff alleges that Defiance Metal Products, Inc. (DMP), violated her rights under the Family Medical Leave Act (FMLA), 29 U.S.C.

§ 2601, *et seq.*, by terminating her employment and under the Ohio Civil Rights Act, Ohio Rev.Code § 4121.01, *et seq.*, by exposing her to a hostile, offensive, and intimidating work environment based upon her gender. (Doc. 1). This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Pending is plaintiff's motion for summary judgment with respect to her FMLA claim. (Doc. 17). For the following reasons, plaintiff's motion shall be granted.

On December 4, 1994, plaintiff was assigned by Interim Personnel (Interim), to defendant, DMP, on a temporary basis. At this time, plaintiff was given a full-time temporary position by defendant. This relationship continued until July 24, 1995, when plaintiff accepted a permanent full-time position with defendant, thus terminating her relationship with interim. Plaintiff maintained this position until she was terminated by defendant, citing absenteeism, on March 18, 1996.

On January 30, 1996, prior to her termination, plaintiff sought medical attention for pain in her back, neck and shoulder regions. On the same day, plaintiff received an Excuse From Work form and promptly submitted this form to defendant. Subsequent forms excusing plaintiff from work for the period up to and including March 28, 1996, were also submitted to defendant. On February 14, 1996, defendant sent plaintiff a letter indicating that it did not believe plaintiff was entitled to leave under FMLA because, in their opinion, plaintiff was not an eligible employee.

On March 26, 1997, plaintiff filed a claim in this court alleging that defendant's actions contravened her rights under FMLA. (Doc. 1). On September 4, 1997, plaintiff filed a motion for summary judgment with respect to her FMLA claim. (Doc. 17). Shortly thereafter, defendant submitted a memorandum in opposition to this motion, (Doc. 18), to which plaintiff replied. (Doc. 19).

Under FMLA, "an eligible employee shall be entitled to a total of twelve workweeks of leave during any twelve-month period ... [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of the employee."

29 U.S.C. § 2612(a)(1)(D). An eligible employee is defined as an employee who has been employed for at least twelve months by the employer and at least 1250 hours with such employer during the twelve-month period. 29 U.S.C. § 2611(2)(A) Under FMLA, an employer is defined as "any person engaged in commerce or any industry or activity affecting commerce who employs 50 or more employees for each work day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). Finally, an employer who interferes with an employee's rights under FMLA shall be liable to the eligible employee. 29 U.S.C. § 2616(a)(1). Therefore, in order to prevail on her claim, plaintiff must show four things: (1) she was an eligible employee, (2) she had a serious medical condition, (3) she was employed by a covered employer, and (4) the employer interfered with her rights under FMLA.

Defendant fails to bring forth any evidence refuting plaintiff's showing that she had a serious medical condition, that defendant is an employer as defined under FMLA, or that plaintiff was terminated due to absenteeism caused by the aforementioned medical condition, which constitutes an interference under FMLA. (Doc. 18). Accordingly, the only issue before this court is whether plaintiff was an eligible employee, as defined under FMLA, at the time she began her leave.

Plaintiff began working at defendant's Defiance facility, as assigned by Interim, on December 4, 1994, became a permanent, full-time employee of defendant on July 24, 1995, and was terminated on March 18, 1996. Therefore, the only question is whether the time during which plaintiff was classified as an employee of the temporary agency while working at defendant's facility can be used to determine the length of her employment with defendant for FMLA purposes.

■ Defendant contends that plaintiff is not an eligible employee because she has not been employed by defendant for a twelve-month period. Defendant argues that plaintiff's employment with it began when defendant hired her as a full-time permanent employee and not when, as an employee of

Interim, she began working at defendant's Defiance facility.

Plaintiff's response is threefold. First, plaintiff responds that under the definition of "employ" incorporated into the FMLA, defendant was plaintiff's employer from the date she was assigned to defendant's Defiance facility, as a temporary employee, by Interim. Second, plaintiff argues that defendant and Interim were joint employers and, as such, plaintiff's employment with defendant is retroactive to the date she began working at defendant's Defiance facility. Third, plaintiff asserts that defendant failed to notify plaintiff of its decision that plaintiff's leave would not be classified as FMLA leave within the two-day guideline and, thus, defendant is estopped from denying plaintiff's claim.

First, plaintiff contends that defendant employed plaintiff for a twelve-month period and, as such, plaintiff is an eligible employee. Under FMLA, an eligible employee is "an employee who has been employed for at least twelve months by the employer with respect to whom the leave is requested." 29 U.S.C. § 2611(2)(A)(i). Because it is uncontested that defendant is the employer from whom leave was requested, the only question is whether plaintiff was "employed" by defendant for a twelve-month period.

The history of FMLA indicates that Congress intended the definitions of employ and employee to be broadly inclusive. S.Rep. No. 103–3 at 25 (1993). Thus, FMLA incorporates the definition of these terms from the Fair Labor Standards Act (FLSA). 29 U.S.C. § 2611(3). Under FLSA, the term employ is defined as "to suffer or permit" to work. 29 U.S.C. § 203. Furthermore, FLSA was not intended to exclude temporary workers. *Mitchell v. Feinberg*, 123 F.Supp. 899, 903 (E.D.N.Y.1954).

Plaintiff reported to work at defendant's Defiance facility from December 4, 1994 through January 30, 1996. As such, plaintiff was permitted to work at defendant's Defi-

ance facility for a twelve-month period of time. The reclassification of plaintiff from temporary to permanent employee does not alter that time frame. Accordingly, plaintiff was "employed" by defendant, as that term is defined under FMLA, for the requisite twelve-month interval and, therefore, is an eligible employee.

Plaintiff alternatively argues that defendant and Interim were joint employers under FMLA and, as such, defendant employed plaintiff from the date plaintiff began working at defendant's Defiance facility and not from the date that defendant hired plaintiff as a permanent full-time employee.

Although FMLA does not discuss joint employment, the Department of Labor (DOL) discusses this term in its regulations promulgated under the authority of Congress. 29 U.S.C. § 2654. Under this regulation, "[w]here two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA." 29 CFR § 825.106(a). Also, joint employment exists "[w]here one employer acts directly or indirectly in the interest of the other employer in relation to the employee." 29 CFR § 825.106(a)(2). Moreover, "joint employment will ordinarily be found to exist when a temporary ... agency supplies employees to a second employer." 29 CFR § 825.106(b).

Although defendant contests the application of joint employment based on the regulation's use of the word "may," defendant has stated no facts which would indicate that the present situation is one in which the relationship would not be deemed a joint employment.[1] Furthermore, this court, viewing the facts in a light most favorable to the nonmoving party, finds no basis for a ruling that joint employment did not exist. While defendant may have been the secondary employer under the regulation, this is irrelevant because "[e]mployees jointly employed by two employers must be counted by both employers ... in determining employer coverage

---

1. Defendant also contends that joint employment does not exist in this situation because joint employment is based upon the relationship as a whole and not on any single criterion. 29 CFR § 825.106(b). However, because the regulation specifically indicates that, when viewed as whole, the relationship between a temporary agency and the business to whom it supplies employees is a joint employer relationship, defendant's argument is without merit.

and employee eligibility." 29 CFR § 825.106(d).[2] Therefore, plaintiff's eligibility is determined from the date joint employment of plaintiff by defendant and Interim began, December 4, 1994 and, as such, plaintiff is an eligible employee under FMLA.

■ Finally, plaintiff argues that defendant's failure to notify plaintiff that she was not entitled to leave under FMLA within two days of receiving her notice for leave estops defendant from denying her such leave.

Under FMLA, when the need for leave is foreseeable, an eligible employee is required to give at least 30 days notice of the need for leave. 29 U.S.C. § 2612(e). Where the need for leave is not foreseeable, the employee is required to notify the employer of the need for leave as soon as practicable. *Brannon v. OshKosh B'Gosh, Inc.*, 897 F.Supp. 1028, 1038 (M.D.Tenn.1995). When the employee gives less than two days notice of the need for leave, and the employer has determined that the employee is ineligible for leave under FMLA, the employer is required to notify the employee of this determination within two business days of receiving the employee's notice. 29 CFR § 825.110(d). Failure to so notify an ineligible employee estops the employer from later claiming that the employee is ineligible. *Id.* Therefore, if this regulation is binding, defendant's failure to notify plaintiff of her ineligibility within two days of receiving her request will prohibit defendant from claiming that plaintiff is ineligible.

■ When reviewing a federal regulation, a court must determine (1) if Congress has directly spoken to the question at issue and, if not, (2) whether the regulations interpret the statute based on a permissible construction thereof. *Chevron U.S.A., Inc. v. Natural Resources Defense*, 467 U.S. 837, 841–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

■ The regulation at hand could be interpreted as dealing with two specific issues: notice and employee eligibility. The statute which this regulation interprets clearly states the intent of Congress regarding the determination of employee eligibility. 29 U.S.C. § 2611(2)(B).[3] However, the regulation simply reiterates those same guidelines for determining employee eligibility. 29 CFR § 825.110(a). Because the regulation does not attempt to redefine the statutory definition of eligible employee, it is the aspect of notice which the regulation addresses.[4] Because the statute does not establish, and congressional intent is not otherwise clear about the requirements of employer notification regarding employee eligibility, the regulation will be upheld unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Chevron*, 467 U.S. at 843.

The purpose of FMLA is to "balance the demands of the workplace with the needs of the family." 29 U.S.C. § 2601(b)(1). Furthermore, an employee is not required to identify the requested leave as FMLA leave. *Price v. City of Fort Wayne*, 117 F.3d 1022, 1026 (7th Cir .1997). An employer, however, is required to identify and record the leave as FMLA leave. 29 CFR § 825.208(a). As such, it is not arbitrary, capricious, or manifestly contrary to the statute to require the employer to provide the employee with notice of the employer's denial of leave under FMLA. To enforce this requirement, the DOL chose to take away the employer's op-

---

2. Although the regulation does not specifically state that the time of joint employment will count toward eligibility after the joint employment relationship is terminated, the facts of this case combined with the intent of the regulation dictate such a finding. Here, the joint employment and defendant's sole employment of plaintiff ran concurrently. A simple perusing of the regulation shows that one of the purposes for the joint employment provision is the protection of the temporary employee. Therefore, by refusing to count the time a former temporary employee was assigned to a now permanent employer, this court would be ignoring the intent of both FMLA and this regulation.

3. Indeed, this regulation has been deemed unconstitutional by a federal district court for this reason. *Wolke v. Dreadnought Marine, Inc.*, 954 F.Supp. 1133, 1135 (E.D.Va.1997). However, this court does not find that, as applied to the facts of this case, the regulation is intended to determine employee eligibility.

4. This court has previously interpreted the regulation this way. *See Schlett v. Avco Financial Services, Inc.*, 950 F.Supp. 823, 835 (N.D.Ohio 1996) (holding that the regulation, though valid, was not applicable because it could not be applied retroactively).

tion of denying the request for FMLA leave. Without knowledge of whether the leave under FMLA was granted, how is an employee to "balance the demands· of the workplace with the needs of the family?"

Defendant's failure to notify plaintiff that she was not an eligible employee under FMLA within two days of receiving her request violated this regulation. 29 CFR § 825.110(d). This regulation, being a reasonable interpretation under the statute, is to be given controlling weight. *Chevron*, 467 U.S. at 844. Therefore, defendant's failure effectively prevents it from now asserting that plaintiff is ineligible under the statute.[5]

For the foregoing reasons, it is hereby.

**ORDERED THAT** plaintiff's motion for summary judgment (Doc. 17) shall be, and the same hereby is, granted with regard to her claims under the Family Medical Leave Act.

**So ordered**

---

5. Because defendant does not contend that plaintiff's request for ·leave was ineffective under FMLA, this issue is not considered in determining the requirement that the employer provide plaintiff with notice of its eligibility determination.