**Lena M. COEN, Plaintiff–Appellant,**

v.

**SYBRON DENTAL SPECIALTIES, a California Corporation doing business in the State of Michigan; Larry Wills, Jointly and Severally, Defendants–Appellees.**

No. 99–1932.

United States Court of Appeals, Sixth Circuit.

Jan. 10, 2001.

Before KENNEDY, NORRIS, and COLE, Circuit Judges.

OPINION

PER CURIAM.

Plaintiff–Appellant Lena M. Coen appeals the district court's grant of summary judgment dismissing her diversity action against her former employer and supervisor, Defendants–Appellees Sybron Dental Specialties ("SDS") and Larry Wills, alleging unlawful retaliation in violation of the

Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. § 2601 *et seq.* For the reasons that follow, we AFFIRM the judgment of the district court.

## BACKGROUND

Coen worked for SDS in Romulus. Michigan, as an environmental compliance specialist, reporting directly to supervisor Larry Wills, SDS's California-based director of regulatory affairs. Beginning in 1993 or 1994, SDS began a reorganization and reduction in force ("RIF") of its regulatory affairs group at its Romulus facility. On May 14, 1997, Wills and Frances Zee, SDS's vice president of regulatory affairs, determined that Coen's position would be eliminated pursuant to the RIF and that her duties would be distributed among existing staff. Wills and Zee decided to implement their decision within one month, but on June 9, 1997, before Wills informed Coen that her position was to be eliminated. Coen requested a leave of absence to care for her mother. Coen completed a form entitled "Family Medical Leave Act/Request for Leave of Absence" and on June 12, 1997, she received a memorandum from SDS entitled "Family Medical Leave Act/Employer Response to Employee Request for Leave of Absence." granting her request and explaining the terms of her leave of absence. This memorandum indicated that Coen was eligible for leave under the FMLA. Coen returned to work full-time in mid-August 1997. On September 10, 1997, Wills informed Coen that her position was to be eliminated and that she would be terminated. Coen's termination took effect on September 30, 1997; at the time, SDS employed 17 employees at its Romulus facility.

Coen filed suit against Defendants in the Wayne County Circuit Court, alleging unlawful retaliation in violation of the FMLA. Defendants removed the case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, but because Coen's complaint stated simply that she sought an amount "in excess of $10,000." Defendants filed requests for admission, requesting that she admit to an amount in controversy exceeding $75,000. Coen refused, stating that "it is impossible to know at this stage what the amount in controversy is . . . ." Defendants then filed a motion for a factual determination of the amount in controversy so as to establish that Coen sought relief in excess of $75,000. The magistrate judge determined that: (1) Defendants' requests for admission regarding the amount in controversy was deemed admitted, giving the court diversity jurisdiction; (2) in any event, the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (3) Defendants' motion for a factual determination of the amount in controversy therefore was moot. Pursuant to Defendants' motion for summary judgment, the district court held a hearing and determined that because SDS employed fewer than 50 employees at the time of Coen's termination, it was not covered by the FMLA. Thus, the district court granted Defendants' motion for summary judgment. This appeal follows.

## DISCUSSION

The questions before us are whether SDS meets the statutory definition of an "employer" under the FMLA, and if not, whether the FMLA nevertheless may be extended to afford Coen protection under the Act. The answer to both of these questions is no.

The FMLA defines "employer" to include "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current

or preceding calendar year ...." 29 U.S.C. § 2611(4). Congress specifically defined the FMLA's coverage to exclude "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii). Here, although SDS employed more than 50 employees nationwide, it employed only 17 employees at or within 75 miles of its Romulus office at the time of the events giving rise to this suit. Therefore, the plain language of the FMLA excludes SDS's Romulus office from coverage under the Act.

Coen does not dispute the district court's finding that SDS, by definition, does not fall within the purview of the Act; she never has argued, either in the district court or on appeal, that SDS had more than 50 employees at, or within 75 miles of, its Romulus office. Rather, Coen maintains that because SDS failed to inform her that she was not protected by the FMLA, Defendants now are "estopped" from claiming that the Act does not apply. Coen relies on *Miller v. Defiance Metal Products, Inc.*, 989 F.Supp. 945 (N.D.Ohio 1997), where the district court held that the employer was estopped from denying the employee leave based on its failure to notify employee in a timely fashion that she was ineligible for such leave under the Act. *See id.* at 948. In *Miller*, however, there was no question that the defendant was an "employer" within the definition of the FMLA or that the FMLA applied; the only question was whether the employer failed to notify the employee within two business days of receiving her leave re-

quest as is required under 29 C.F.R. § 825.110(d) ("[T]he employee will be deemed to be eligible if the employer fails to advise the employee that the employee is not eligible within two business days of receiving the employee's notice."). Thus, *Miller* is inapplicable to the present case.[1]

Here, Coen attempts to extend the FMLA's reach where Congress expressly limited the Act's coverage so as to exclude employers like SDS. As we recognized in *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604 (6th Cir.1998), such an extension clearly is at odds with the plain language of the statute. *See id.* at 608. In *Douglas*, the employer had only 29 employees but formally adopted the FMLA in its policies and procedures, expressly referencing the FMLA in its leave of absence forms. *See id.* at 605. The district court held that although the employer technically did not come within the definition of an "employer" under the Act, the FMLA applied because the employer voluntarily agreed to abide by its terms. *See id.* at 606. We reversed the district court, holding that neither the parties nor the court has the authority to expand the scope of the Act to apply where the employer does not have the requisite number of employees. *See id.* at 608.

Our decision in *Douglas* addressed the question of whether the district court had subject matter jurisdiction where, unlike here, jurisdiction was based solely on federal question. *See id.* at 607. *Douglas* held that because the FMLA did not apply and could not be extended to cover an employer with less than 50 employees, the court lacked subject matter jurisdiction. Here, the inapplicability of the FMLA

---

1. Coen also relies on our decision in *Plant v. Morton International. Inc.*, 212 F.3d 929 (6th Cir.2000) (holding that the FMLA forbids employers from retroactively designating leave under the FMLA if they have not given proper

notice). Nevertheless, *Plant,* like *Miller,* is inapplicable to the present case in that there was no question that the defendant in *Plant* fell within the statutory definition of a FMLA employer.

does not strip us of subject matter jurisdiction because the parties are before us on diversity jurisdiction. Applying *Douglas* by analogy, however, Coen's appeal nevertheless is without merit. Because SDS does not come within the definition of an "employer" under the FMLA, and because the FMLA cannot be extended to afford Coen its protection, Coen cannot state a claim for relief under the Act. Thus, the district court properly granted summary judgment, dismissing Coen's action with prejudice.

## CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.