Heather ROCHA, Plaintiff

v.

SAUDER WOODWORKING
CO., et al., Defendant

No. 3:01CV7565.

United States District Court,
N.D. Ohio,
Western Division.

Aug. 30, 2002.

R. Michael Frank, R. Kevin Greenfield, Nathan & Arnold, Toledo, OH, for Plaintiff.

Michael S. Scalzo, Roman Arce, Marshall & Melhorn, Toledo, OH, for Defendant.

## ORDER

CARR, District Judge.

This is an action under the Family Medical Leave Act (FMLA), 29 U.S.C.A. § 2611, et seq. Pending is defendants' motion for summary judgment. For the reasons that follow, the motion shall be granted with regard to plaintiff's federal claim. The plaintiff's pendent state claims shall be dismissed without a ruling on their merits, and without prejudice to her right to refile such claims in state court.

Plaintiff was employed by the defendant Sauder Woodworking from November 1, 1999, until April 17, 2001. While there is some dispute about the number of hours she worked during that period (1180 according to the plaintiff, 1108 according to the defendant), there is no dispute that she worked fewer that 1250 hours.

The defendant notified plaintiff on April 18, 2001, that she was terminated as of April 17, 2001, because she had missed six working days without medical excuse and failed to call in to report her absences on the four days immediately preceding April 17th.

Plaintiff first missed work due to illness on March 7, 2001, and her absence continued through April 17th. Between March 7th and March 21st, plaintiff notified the defendant about her need for medical

treatment, and periodically provided notices or forms to the company. On March 21st, plaintiff met with Joe Dominique, defendant's human resources manager. During that meeting, plaintiff expressed a willingness to take vacation or do whatever was necessary to cover her expected absence. Giving her a form entitled "Leave of Absence Request," Dominique said, "that's not necessary, just fill this out and hand it in." He told the plaintiff that, to obtain FMLA leave, she would have to have her doctor sign the form and return it to the company.

During that meeting, Dominique did not mention that plaintiff had to have worked for at least 1250 hours during the preceding twelve months to be eligible for FMLA leave. *See* 29 U.S.C. § 2611(2)(A). Plaintiff returned the completed form to the company on March 29th. Doing so constituted her formal request for FMLA leave.

■ As their first ground for summary judgment, defendants argue that plaintiff's suit must be dismissed because of the undisputed fact that plaintiff did not meet the statutory requirement of having worked for at least 1250 hours during the twelve months preceding her request. Thus, according to defendants, she was not eligible for FMLA leave from the outset, and cannot complain about her termination for not coming to work, despite her medical condition, which likewise is not disputed.

In response to this contention, plaintiff points out that I considered and rejected a similar argument in *Miller v. Defiance Metal Products, Inc.,* 989 F.Supp. 945 (N.D.Ohio 1997). In that case, as in this case, the employer had not complied with a regulation adopted by the Department of Labor that required employers to notify employees about their FMLA eligibility within two days of the receipt of an FMLA request. 29 C.F.R. § 825.110(d). In *Miller,* I held that the regulation was a valid interpretation and application of the

FMLA, and that the employer was estopped from denying the employee's eligibility. *Id.* at 948–49.

As a general rule, as embodied in the doctrine of stare decisis, I should follow my prior ruling, because that doctrine embodies

"a policy judgment that 'in most matters it is more important that the applicable rule of law be settled than that it be settled right.'" It "is the preferred course because it promotes the even-handed, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process. This Court has expressed its reluctance to overrule decisions involving statutory interpretation, . . . ."

*State Oil Co. v. Khan,* 522 U.S. 3, 20, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997) (citations omitted).

As defendants point out, however, my holding in *Miller* has not fared well. Every court that has considered it or the validity of § 825.110(d) has rejected or disagreed with my conclusion about the validity of the regulation. Those courts have uniformly held that the regulation is not valid and cannot be used against employers who fail to notify employees about their ineligibility for FMLA leave because the regulation seeks to expand the scope and coverage of the FMLA in the face of an express statutory restriction on eligibility. *See Woodford v. Community Action of Greene County, Inc.,* 268 F.3d 51, 57 (2nd Cir.2001) ("The regulation exceeds agency rulemaking powers by making eligible under the FMLA employees who do not meet the statute's clear eligibility requirements."); *Brungart v. BellSouth Telecommunications, Inc.,* 231 F.3d 791, 796–97 (11th Cir.2000) ("[t]here is no ambiguity in the statute concerning eligibility

for family medical leave, no gap to be filled."); *Dormeyer v. Comerica Bank–Illinois,* 223 F.3d 579, 582 (7th Cir.2000) (the regulation tries "to change the Act" because it makes eligible employees who, under the language of the statute, are ineligible for family leave: "The statutory text is perfectly clear and covers the issue. The right of family leave is conferred only on employees who have worked at least 1,250 hours in the previous 12 months."); *Nordquist v. City Finance Co.,* 173 F. Supp 2d 537, 540 (N.D.Miss.2001); *Scheidecker v. Arvig Enterprises, Inc.,* 122 F. Supp 2d 1031, 1045 (D.Minn.2000) (the "regulation is essentially a rewriting of the statute"); *McQuain v. Ebner Furnaces, Inc.,* 55 F. Supp 2d 763, 775 (N.D.Ohio 1999) (the regulation impermissibly contradicts the clear intent of Congress to restrict the class of employees eligible for the FMLA); *Seaman v. Downtown Partnership of Baltimore, Inc.,* 991 F.Supp. 751, 754 (D.Md.1998) (the regulation "is essentially a rewriting of the statute"); *Wolke v. Dreadnought Marine, Inc.,* 954 F.Supp. 1133, 1137 (E.D.Va.1997) (the "Department of Labor regulation ... purports to transform employees who are ineligible under the FMLA statute into eligible employees"); *Alexander v. Ford Motor Co.,* 204 F.R.D. 314, 319 (E.D.Mich.2001) (the regulation "effectively alters eligibility requirements"); *Giammarco v. Ford Motor Co.,* 2000 WL 33743958, *4 (E.D.Mich.) (the regulation contradicts the clear congressional intent to restrict the class of eligible employees).

Stare decisis is not "an inexorable command; rather, it 'is a principle of policy and not a mechanical formula of adherence to the latest decision.'" *Payne v. Tennessee,* 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991) (quoting *Helvering v. Hallock,* 309 U.S. 106, 119, 60 S.Ct. 444, 84 L.Ed. 604 (1940)). Confronted, as I am, by the universal rejection of my decision and approach in *Miller,* I am persuaded

that that decision was in error, and whatever impaired vitality it may still have should not be prolonged.

I conclude, accordingly, that plaintiff was not eligible for FMLA leave because she had not worked the requisite number of hours in the twelve months prior to her application for such leave. The company's failure to have complied with the regulation requiring it to inform her about her status does not bar it from asserting her lack of eligibility.

■ Plaintiff next relies on the general doctrine of promissory estoppel to overcome defendants' motion for summary judgment. Adopting the definition in § 894(1) of the Restatement (Second) of Torts, the Supreme Court in *Heckler v. Community Health Services of Crawford County, Inc.,* 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984), stated:

> If one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it does an act ... the first person is not entitled ... to regain property or its value that the other acquired by the act, if the other in reliance upon the misrepresentation and before discovery of the truth has so changed his position that it would be unjust to deprive him of that which he thus acquired....

After plaintiff told Dominique that she was willing to "do whatever was necessary" to cover her expected absence, he told her, "that's not necessary, just fill this [FMLA form] out and hand it in." This, coupled with the company's continuing silence about her ineligibility after she submitted the completed form, plaintiff claims, estops the defendants from challenging her claim for protection under the FMLA. Defendants contend, in response, that Dominique's statement and ensuing silence do

not meet the plaintiff's obligation to show under *Community Health Services* that there was a "definite misrepresentation of fact"

In response to this contention, plaintiff points to the Second Circuit's decision in *Kosakow v. New Rochelle Radiology Associates*, 274 F.3d 706 (2d Cir.2001). In that case the plaintiff, like the plaintiff here, had not worked the requisite 1250 hours before requesting FMLA leave. Also like the plaintiff here, the plaintiff in that case asserted, after she was later told she was not eligible for such leave, that she would have postponed her treatment until she became eligible.

In *Kosakow*, likewise as in this case, the employer did not tell the plaintiff when she applied for FMLA leave that she had not worked enough hours to qualify for such leave.[1] Such silence, the court held in that case, could constitute a misrepresentation under the Restatement, provided the employer had reason to know that the employee would rely to her detriment on the failure to inform her that she was not eligible for FMLA leave.

The court in *Kosakow* also concluded that it was not necessary for the plaintiff to show that the defendant intended to mislead her about her status by remaining silent. "[A] party may be estopped," the court stated, "where that party makes a definite misrepresentation (or, in the present case, a misrepresentation by silence) and had reason to believe the other party would rely upon it, regardless of whether the person making the representation intended to deceive." *Id.* at 726.

■ The question of whether misrepresentation by silence had to be accompanied by an intent to mislead—a determinative issue in *Kosakow*—was an issue of first impression in the Second Circuit. There is no similar uncertainty in our circuit, which has held that "[f]or silence to work an estoppel, some evidence must exist to justify an inference that the silence was sufficiently misleading to amount to 'bad faith.'" *TWM Manufacturing Co. v. Dura Corp.*, 592 F.2d 346, 350 (6th Cir. 1979), *aff'd in part and rev'd in part on other grounds*, 722 F.2d 1261 (6th Cir. 1983). *Accord, Kellogg Co. v. Exxon Corp.*, 209 F.3d 562, 574 (6th Cir.2000) (estoppel "requires more than a showing of mere silence on the part of the plaintiff; defendant must show that it had been misled by plaintiff through actual misrepresentations, affirmative acts of misconduct, intentional misleading silence, . . .").[2]

There is no evidence in this case that Dominique failed to inform the plaintiff that she was not eligible for FMLA leave either intentionally or in bad faith. He

---

1. In *Kosakow* the employer told the plaintiff that she was "granted medical leave for the operation, as well as time for recovery after the surgery." *Id.* at 713. Nonetheless, the parties in *Kosakow* stipulated that the employer had made no affirmative misrepresentation, and had simply remained silent on the issue of eligibility. Likewise in this case the parties view the defendants' conduct as a failure to inform, rather than affirmatively misinforming the plaintiff, about her eligibility status.

2. On occasion, more moderate expression has been given to the intent or bad faith element. *See Hodgins v. Central States Southeast and*

*Southwest Areas Pension Fund*, 624 F.2d 760, (6th Cir.1980) ("intentional or negligent concealment or misrepresentation of [the] true status; . . .") (Jones, J., concurring). But this approach has not been adopted by the court as a whole.

The parties assume that this question is to be decided as a matter of federal law. It appears, in any event, that the Sixth Circuit's formulation has been accepted by Ohio courts. *See U.S. Playing Card Co. v. The Bicycle Club*, 119 Ohio App.3d 597, 604, 695 N.E.2d 1197 (1997). The standard, and thus the result, appear to be the same under either federal or state law.

has testified, and plaintiff has not refuted his testimony, that, when he met with the plaintiff, he did not know whether she was eligible for such leave because it was not his job to know such information.

Plaintiff cannot, accordingly, use the doctrine of promissory estoppel to establish her entitlement to protection under the FMLA. Accordingly, and in light of her ineligibility for such coverage, defendant is entitled to summary judgment on her federal claim.

Plaintiff has asserted state law claims. Her ability to maintain those claims in this court depends on the viability of her federal claim, because she and the defendants are not citizens of separate states. I decline to address these claims without addressing their merits. Those claims shall be dismissed, without prejudice to plaintiff's right to refile them in state court.

It is, therefore,

ORDERED THAT

1. Defendant's motion for summary judgment be, and the same hereby is granted as to plaintiff's federal claim; and

2. Plaintiff's pendent state law claims be, and the same hereby are dismissed, without prejudice.

So ordered.